25-MJ-8114-PGL

# AFFIDAVIT OF DEPORTATION OFFICER DAVID S. JACKSON IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, David S. Jackson, being duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an Acting Supervisory Detention and Deportation Officer with the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") and have been so employed since February 1, 2009. I have successfully completed training programs in conducting criminal and administrative investigations at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have a certificate in Professional Investigation from Boston University and a Bachelor of Science in Criminal Justice from Roger Williams University. My current duties as an Acting Supervisory Detention and Deportation Officer include, but are not limited to, conducting investigations involving foreign nationals who had previously been deported from the United States and are found unlawfully back in the United States. I know that it is a violation of Title 8, United States Code, Section 1326 to reenter the United States after deportation without having received the express consent of the Secretary of the Department of Homeland Security after that date.

2. The information contained in this affidavit is based upon information from my investigation, as well as information provided to me by other law enforcement agents and agencies, a review of criminal history records, and a review of documents from the Alien File #xxx-xxx-712 ("A-File") associated with an individual named Saul ARCE ("ARCE"), DOB: xx/xx/1987.

3. This affidavit is submitted in support of a criminal complaint and arrest warrant charging ARCE with illegal reentry, in violation of Title 8, United States Code, Section 1326(a). This affidavit is submitted for the limited purpose of establishing probable cause to secure a criminal complaint and arrest warrant. In submitting this affidavit, I have not included each and

every fact known to me and other law enforcement officers concerning this investigation. Instead, it only contains facts sufficient to establish probable cause in support of a criminal complaint and the issuance of an arrest warrant.

## PROBABLE CAUSE

4. On or about October 1, 2009, ARCE entered the United States at or near Laredo, Texas without being inspected by an immigration officer.

5. On December 20, 2010, ARCE was convicted in a Texas District Court for evading arrest with a vehicle in violation of Texas state law.

6. On December 23, 2010, ICE encountered ARCE while he was serving a sentence at Fort Worth Jail in Fort Worth, Texas. ICE served ARCE with a Warrant of Arrest/Notice to Appear pursuant to Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, obtained ARCE's fingerprints, and released ARCE on an Order of Recognizance.

7. On January 30, 2012, ARCE was ordered removed from the United States to Honduras by an Immigration Judge in Dallas, Texas.

8. On February 22, 2013, ICE encountered ARCE at the Tarrant County Corrections Center in Mansfield, Texas following his arraignment for Unlawful Possession of a Firearm and Failure to Identify in violation of Texas state law. These charges were dismissed.

9. On April 23, 2013, ICE detained ARCE following his release from state custody.

10. On May 15, 2013, ARCE was removed from the United States to Honduras. At the time of removal, his right index fingerprint, photograph, and signature were obtained.

11. Thereafter, on an unknown date and at an unknown location, ARCE reentered the United States without being inspected.

12. On July 6, 2020, the Massachusetts State Police arrested ARCE for unlicensed operation of a motor vehicle. At the time of his arrest, ARCE was fingerprinted. ICE was notified of ARCE's arrest, but ARCE was released before ICE was able to detain ARCE.

13. ICE was unaware of ARCE's whereabouts until on or around 2023, when ICE was able to identify a new address for ARCE. ICE continued its investigation into ARCE and on May 16, 2024, a copy of the 2010 ICE fingerprint card, a copy of the right index fingerprint that was taken at the time of ARCE's removal on May 15, 2013, and a copy of fingerprints taken from ARCE on July 6, 2020 upon his arrest by the Massachusetts State Police were sent to the Federal Bureau of Investigation for comparison. The FBI analysis concluded that that the fingerprints are a match.

14. On February 11, 2025, I reviewed the documents contained in ARCE's A-file and confirmed, among other things, that ARCE is a citizen and national of Honduras. The A-file also contains the removal verification documents referenced above. A review of ARCE's A-file also revealed no evidence that he has ever requested or received the express consent of the Secretary of the Department of Homeland Security to reenter the United States following his deportation.

15. ARCE remains at large.

## CONCLUSION

16. Based on the foregoing facts, I submit there is probable cause to believe that on or about July 6, 2020, ARCE, being an alien and having been excluded, removed, or deported from the United States on or about May 15, 2013, was thereafter found in the United States without having received the express consent of the Secretary of the Department of Homeland Security to

reapply for admission to the United States, in violation of Title 8, United States Code, Section 1326(a).

                         *David S. Jackson /by Paul G. Levenson*
                         David S. Jackson
                         Acting Supervisory Detention and Deportation Officer
                         U.S. Immigration & Customs Enforcement

SWORN to telephonically in accordance with Fed. R. Crim. P. 4.1 on this date of February 11, 2025.

HONORABLE PAUL G. LEVENSON
UNITED STATES MAGISTRATE JUDGE

4